IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00517-WJM-KLM

JOHNN A. VIDMAR,

    Plaintiff,

v.

S. STEINMAN, Deputy, J.C.S.D., and
MR. STYLES, Deputy, J.C.S.D.,

    Defendants.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(6)** [Docket No. 26; Filed April 10, 2012] (the "Motion"). The Motion is referred to this Court for recommendation [#27]. Plaintiff failed to timely respond to the Motion, thus the Court issued an Order to Show Cause on May 9, 2012 [#30]. Plaintiff submitted a response on May 16, 2012, but did not state whether the response was limited to the Order to Show Cause or whether the response was also directed to the Motion [#31]. To date, Plaintiff has not filed any other response on the docket, thus the Court construes the May 16, 2012 Response as filed in opposition to the Motion. Defendants did not file a Reply. The Court has reviewed the Motion, Plaintiff's Response, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion be **GRANTED**.

## I. Summary of the Case

Plaintiff is a state prisoner incarcerated in a Colorado Department of Corrections facility. *See* [#33] (identifying the Denver Reception & Diagnostic Center). Plaintiff initiated this lawsuit *pro se* pursuant to 42 U.S.C. § 1983 on February 28, 2012. [#1-4]. On March 12, 2012, Plaintiff submitted an Amended Complaint which is the operative pleading. [#14]. Plaintiff alleges that, while housed in the maximum security unit on December 27, 2009, he was assaulted by two other inmates. *Id.* at 4-5. Plaintiff asserts that Defendants Steinman and Styles failed to protect him from this assault, because at that time, Defendants were on duty to watch the inmates. *Id.* at 5. Plaintiff contends that Defendants Steinman and Styles failed to adequately monitor cell movement. *Id.* Further, after the assault, Plaintiff claims that he was labeled "a rat and a snitch" by gang members who were associates of his assailants, and as a result, further endangered himself and his family. *Id.* at 6. Plaintiff requests monetary damages and medical treatment. *Id.* at 9.

Defendants filed the instant Motion in response to Plaintiff's Amended Complaint. *See* [#26]. Defendants move to dismiss Plaintiff's case on the grounds of res judicata and the statute of limitations. *Id.* at 1. Defendants contend that Plaintiff brought the same claim against the same Defendants in a previous case filed in 2010 (the "2010 case"). *Id.* at 2. Additionally, Defendants assert that the December 2009 incident is outside of the applicable statute of limitations. *Id.* at 4.

In Response, Plaintiff offers only conclusory statements articulating his "lack of legal knowledge" and his intent to pursue the case. *See* [#31]. Plaintiff reiterates his opinion that Defendants did not follow jail procedures, which resulted in the assault against him. *Id.* at 1.

The Court construes Plaintiff's allegations that Defendants failed to protect him as a claim brought pursuant to the Eighth Amendment. In the interest of a thorough adjudication, the Court evaluates both arguments proffered by Defendants, and for the reasons stated below, concludes that res judicata and the statute of limitations bar Plaintiff's claim. Therefore, Defendants' Motion should be granted.

## II.  Standard of Review

The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[ ] [has] not nudged [her] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotations and citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). That said, "specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the

grounds upon which it rests;" the 12(b)(6) standard does not "require that the complaint include all facts necessary to carry the plaintiff's burden." *Khalik*, 671 F.3d at 1192.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

Finally, the Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## III. Analysis

### A.     Res Judicata

Defendants included a copy of the Recommendation and Order issued in the 2010 case, which was filed and adjudicated in this District, with their Motion.[1]  Although the date of the incident is different by exactly one year in the 2010 case,[2] the remaining facts are the same.  *See* [#26-3].  In the 2010 case, the court construed Plaintiff's Amended Complaint as alleging an Eighth Amendment failure to protect claim, arising from an incident identical to that alleged in the instant case.  *See id*.  Plaintiff claimed that Defendants Steinman and Styles (spelled "Stiles" in the 2010 case) violated their obligation to protect him by neglecting their responsibility of monitoring inmate security, which resulted in an assault against him.  *Id.* at 2.  The court found that Plaintiff did not state a colorable claim for relief, and that Defendants Steinman and Styles were entitled to qualified immunity.  *Id.* at 8.  The 2010 case was thus dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  *Id.*

Res judicata bars a subsequent claim if four elements are met: "(1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the party must have had a full and fair opportunity to litigate the claim prior to the suit."  *Howard v. Las Animas County. Sheriff's Office,* No. 09-cv-00640-PAB-KLM, 2010 WL 1235668, at *6 (D. Colo. Feb. 23, 2010) (citing *In re Mersmann*, 505 F.3d 1033, 1049 (10th Cir. 2007)).  Here, all

---

[1]  The Court may take judicial notice of its own files and records, as well as of facts which are a matter of public record.  *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979).

[2]  Magistrate Judge Tafoya identified the date of the incident as December 27, 2008, [#26-3] at 1, and in this matter, Plaintiff identifies the date as December 27, 2009, [#14] at 5.

four elements are met. The prior suit ended with a judgment on the merits pursuant to Rule 12(b)(6),[3] the parties are identical, the suits concern the same cause of action, and Plaintiff enjoyed the opportunity to litigate both lawsuits, through his right to respond to the motions to dismiss. Therefore, the Court finds that res judicata bars Plaintiff's claim in the present matter.

### B. Statute of Limitations

Actions brought pursuant to 42 U.S.C. § 1983 are subject to the general personal injury limitation period of the state in which the action arose. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985); *Hunt v. Bennett*, 17 F.3d 1263, 1265-66 (10th Cir. 1994). In Colorado, a two-year statute of limitations applies. *See* Colo. Rev. Stat. § 13-80-102(1)(g), (i) (creating a two-year limitation period for "[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statue" and for "[a]ll other actions of every kind for which no other period of limitation is provided"); *Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993) (applying Colo. Rev. Stat. § 13-80-102 to a § 1983 claim).

By contrast, federal law rather than state law determines when a cause of action accrues. *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968-69 (10th Cir. 1994). Claims brought pursuant to § 1983 "accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of [the] action." *Hunt*, 17 F.3d at 1266 (quoting *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991)). "Claims alleging denial of a fair trial are presumed

---

[3] "[A] Rule 12(b)(6) dismissal is still an adjudication on the merits (not a technical or procedural dismissal)." *Slocum v. Corporate Express U.S. Inc.*, 446 F. App'x 957, 960 (10th Cir. 2011) (unpublished).

to have accrued at the time the trial concludes." *Johnson*, 925 F.2d at 1301 (citation omitted). "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." *Id.* (citation omitted).

Plaintiff initiated this lawsuit on February 28, 2012. *See* [##1-4]. Thus, any claim accruing before February 28, 2010 is outside of the limitations period and should be dismissed as time-barred. As alleged by Plaintiff in this case, the date of the incident giving rise to Plaintiff's claim is December 27, 2009, which is outside of the limitations period. *See* [#14] at 5. Therefore, the Court recommends that Defendants' Motion be granted, and Plaintiff's claim be dismissed as barred by the applicable statute of limitations.

## IV. Conclusion

Accordingly,

IT IS RESPECTFULLY **RECOMMENDED** that Defendants' Motion to Dismiss [#26] be **GRANTED**; and Plaintiff's Amended Complaint [#14] be **DISMISSED WITH PREJUDICE** on the bases of res judicata and the applicable statute of limitations. *See Gee v. Pacheco*, 627 F.3d 1178, 1181 (10th Cir. 2010) (affirming dismissal with prejudice of claims as barred by statute of limitations); *Wolf v. Petrock*, 382 F. App'x 674, 676 (10th Cir. 2010) (affirming dismissal of case with prejudice on res judicata grounds).

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the

Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: June 19, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge